IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1217 |
| ) | |
| CORIZON HEALTH INC. et al., ) | Judge Trauger |
| ) | |
| Defendants. ) | |

## ORDER

Before the court are a *pro se* complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2) filed by plaintiff Dale Maisano.

As an initial matter, the court finds that the plaintiff has substantially complied with the restraining order entered against him on August 11, 1992 by Senior United States District Judge Stephen M. McNamee, *see Maisano v. Lewis*, CIV 92 1026 PHX SMM (MS) (D. Ariz. Aug. 11, 1992) (Order and Restraining Order). The court will therefore provisionally permit the present filing.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the civil filing fee required by 28 U.S.C. § 1914(a). The plaintiff submitted a completed and properly supported application to proceed *in forma pauperis*. However, plaintiff Dale Maisano has filed dozens—if not hundreds—of cases that have previously been dismissed for failure to state a claim or for frivolity. The effect of the PLRA was to implement "constraints designed to prevent sportive filings in federal court." Skinner v. Switzer, 131 S. Ct. 1289, 1299 (2011). The PLRA provides that a prisoner who would otherwise be qualified to proceed *in forma pauperis* is not eligible to do so if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who meets this standard—that is, who has "three strikes"—while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense unless he is under "imminent danger of serious physical injury." *Id.*

The plaintiff seeks to avoid the application of § 1915(g) by alleging that he is under imminent danger of serious physical injury. The allegations in his complaint do not support that claim, however. In the case at bar, Maisano alleges that he is a colon-cancer survivor, having been diagnosed and successfully treated for that disease, while he was in prison, in 1999. He was sent by the prison for a screening colonoscopy "months ago." (ECF No. 1, at 3.) The trip was "for nothing," however, because he did not receive the appropriate "prep" beforehand. (*Id.*) The doctor told Maisano, "I'd like to have you back in 3 weeks." (*Id.*) The appointment apparently never occurred, though Maisano filed a grievance about it in June 2013. Maisano claims that defendant Corizon, who contracts with the State of Arizona to provide healthcare for prisoners of that state, along with defendants Wexford PA and the State of Arizona, are "guilty of failing to carry out treatment properly." (*Id.*) Maisano does not allege, however, that he is experiencing symptoms that indicate a recurrence of colon cancer or any other health problems. The court finds that the plaintiff's bare allegation that the defendants failed to ensure that he received a colonoscopy screening this year, while they might be sufficient to support a claim that the defendants are behaving with deliberate indifference to the plaintiff's medical needs for purposes of stating a claim under 42 U.S.C. § 1983, are not adequate to support the plaintiff's claim of imminent danger of serious physical injury.

Accordingly, the application to proceed *in forma pauperis* is **DENIED**.

Because the plaintiff did not prepay the fee and is not entitled to proceed *in forma pauperis*, the complaint in this action is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(g). If the plaintiff seeks to reassert these claims in the future, he must comply with the Restraining Order and he must **prepay** the entire $400.00 filing and administrative fees when he refiles this action.

The Clerk of Court must enter judgment and close this case in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

                                              Aleta A. Trauger
                                              United States District Judge